PER CURIAM:
Claimant seeks to recover the sum of $4,259.64 for damages it has suffered due to respondent’s failure to record claimant’s lien on a West Virginia Certificate of Title.
On April 19, 1978, Lillian Vaught entered an installment sales contract payable to Gary Fronrath Chevrolet, Inc. of Fort Lauderdale, Florida, for the purchase of a 1978 Chevrolet Monte Carlo. The contract was transferred and assigned to General Motors Acceptance Corporation (“GMAC”). A Florida Certificate of Title was issued to Ms. Vaught on which GMAC was designated as first lien holder.
In January of 1980, Ms. Vaught applied for a W.Va. Certificate of Title. A title was issued, omitting GMAC’s lien, which had been recorded on the Florida title. Ms. Vaught defaulted on her sales contract, at which time GMAC discovered that Ms. Vaught was holding clear title to the vehicle. GMAC also discovered that Ms. Vaught had sold the automobile.
*269 On June 29, 1981, GMAC obtained a default judgment in the Circuit Court of Kanawha County in the amount of $4,235.98 with interest, and costs in the sum of $10.00. A Writ of Execution was issued and returned no property found; claimant now seeks recovery from the Department of Motor Vehicles.
The Court finds that the respondent was negligent in failing to record claimant’s lien on the W.Va. Certificate of Title and makes an award to the claimant in the amount of $4,245.98, an award of interest being precluded by Code, §14-2-12. See Wood County Bank v. Dept. of Motor Vehicles, 12 Ct.Cl. 276 (1979).
Award of $4,245.98.